**20SL-CC05905**

Electronically Filed - St Louis County - December 03, 2020 - 01:34 PM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

TAGREED ALAMEEN,                           )
                                           )
              Plaintiff,                   )   Cause No.
                                           )
                                           )   Division No.
vs.                                        )
                                           )
WAL MART STORES EAST LP,                   )
                                           )
Serve At Registered Agent:                 )
              CT Corporation System        )
              120 South Central Avenue     )
              Clayton, MO  63105           )
                                           )
And                                        )
                                           )
JOHN DOE, Manager                          )
                                           )
       Serve At:  Hold Service             )
                                           )
              Defendant.                   )

**PETITION**

COMES NOW Plaintiff Tagreed Alameen, by and through her undersigned counsel, and

for her cause of action, states as follows:

**COUNT I – WAL MART STORES EAST LP**

1.      That at all relevant times hereto, Plaintiff is and was a resident of the City of St.

Louis, State of Missouri.

1

Electronically Filed - St Louis County - December 03, 2020 - 01:34 PM

2.      That at all relevant times hereto, Defendant Wal Mart Stores East LP (hereinafter referred to as "Wal Mart") is and was a Delaware limited partnership, registered with the Missouri Secretary of State, in good standing and authorized to do business in Missouri.

3.      That at all relevant times hereto Defendant Wal Mart owned, operated, managed and/or controlled the premises located at 7437 Watson Road, St. Louis, MO  63119, more commonly known as Walmart Super Center, #3061.

4.      That on or about December 26, 2015, Plaintiff was an invitee on Defendant's premises located at 7437 Watson Road, Shrewsbury, Missouri  63119.

5.      That on December 26, 2015 there was a dangerous condition at the above-referenced Wal Mart store in the form of wet and saturated carpeting/mats and wet floors at or the near entrance of this store.

6.      At the above time and place, Plaintiff was caused to suffer injury when she slipped and lost her footing as the result of the wet and saturated carpeting/mats and wet floors as she entered the Defendant's store.

7.      That Defendant Wal Mart, by and through its agents, servants and/or employees knew or by using ordinary care, could have known of the wet and saturated carpeting/mats and

2

Electronically Filed - St Louis County - December 03, 2020 - 01:34 PM

wet floor, which created a dangerous and unsafe condition and was careless and negligent in one or more of the following respects:

    a.   Defendant Wal Mart failed to remove the dangerous and unsafe condition in the area;

    b.   Defendant Wal Mart failed to warn of the dangerous and unsafe condition in the area;

    c.   Defendant Wal Mart failed to barricade the dangerous and unsafe condition;

    d.   Defendant Wal Mart failed to properly maintain the area so that it was not dangerous and unsafe;

    e.   Defendant Wal Mart failed to warn its customers concerning the dangerous and unsafe condition when it knew, or in the exercise of ordinary care, should have known that a warning was necessary for the safety of its customers, including Plaintiff.

8.    As a direct and proximate result of Defendant's carelessness and negligence, as set forth above, Plaintiff sustained serious injury to her left hip, endured pain and suffering, and

3

Electronically Filed - St Louis County - December 03, 2020 - 01:34 PM

required medical treatment.  Further, Plaintiff can be expected to suffer pain, limitations of movement and additional medical treatment in the future, as a result of her injury.

WHEREFORE, Plaintiff Tagreed Alameen prays this Court to enter judgment against Defendant Wal Mart Stores East LP in an amount that is fair and reasonable in excess of $25,000.00, and for such other and further relief as this Court deems just and proper.

## COUNT II – JOHN DOE MANAGER

9.      Plaintiff restates and incorporates paragraphs 1-8 of Count I as if more fully set forth herein.

10.     At all times herein, Defendant John Doe Manager, upon information and belief, is and was a resident of the State of Missouri

11.     At all times herein Defendant John Doe, Manager, upon information and belief, was the manager of the Wal Mart Store at issue and was an employee and/or authorized agent of the Defendant Wal Mart, acting in furtherance of Wal Mart's business interest and was acting in the course and scope of such employment and/or agency at all times relevant herein.

12.     Defendant John Doe, Manager was in charge of ensuring that the safety policies of Wal Mart Stores were followed in an appropriate manner, including those related to floor mat

Electronically Filed - St Louis County - December 03, 2020 - 01:34 PM

placement and cleaning, floor mat drying, floor clearing, floor drying, limiting wet and slick floors, warning customers of dangerous conditions, and floor inspection policies for Defendant Wal Mart.

13.     Defendant John Doe, Manager had a duty to ensure that Wal Mart Store employees and agents were trained on and followed policies for floor mat replacement, floor cleaning, floor mat cleaning, drying store floors, limiting wet and slick floors, warning customers of dangerous conditions, and floor inspection policies.

14.     Defendant John Doe, Manager had a duty to ensure all areas of store operations were in compliance with store procedures, policies and regulations.

15.     Defendant John Doe, Manager had full and complete control over the Wal Mart Store at all relevant times.

16.     That Defendant John Doe, Manager failed to implement the store policies mentioned above in an appropriate manner, thus causing Plaintiff to suffer injury and was thus and thereby negligent.

Electronically Filed - St Louis County - December 03, 2020 - 01:34 PM

17.     Defendant John Doe, Manager failed to use ordinary care to ensure adequate oversight of employees to make sure that floor inspections or remediation of wet and slick floors and floor mat placement were properly performed and was thereby negligent.

18.     Defendant John Doe, Manager failed to use ordinary care to instruct and/or train and supervise employees on the proper procedures and policies for floor inspections, remediation of wet and slick floors, and floor mat placement, as well as warning customers of dangerous conditions on the premises and was thus and thereby negligent.

19.     As a direct and proximate result of Defendant's carelessness and negligence, as set forth above, Plaintiff sustained serious injury to her left hip, endured pain and suffering, and required medical treatment.  Further, Plaintiff can be expected to suffer pain, limitations of movement and additional medical treatment ino the future, as a result of her injury.

WHEREFORE, Plaintiff Tagreed Alameen prays this Court to enter judgment against Defendant John Doe Manager in an amount that is fair and reasonable in excess of $25,000.00, and for such other and further relief as this Court deems just and proper.

Electronically Filed - St Louis County - December 03, 2020 - 01:34 PM

Respectfully Submitted,

ANTHONY M. PUGLIESE

Anthony M. Pugliese, #34023
Attorney for Plaintiff
1010 Market Street, Suite 1500
St. Louis, MO 63101
(314) 726-6656
FAX (314) 726-5834



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>MARY ELIZABETH OTT | Case Number:  20SL-CC05905 | **SHERIFF FEE<br>PAID** |
|---|---|---|
| Plaintiff/Petitioner:<br>TAGREED ALAMEEN | Plaintiff's/Petitioner's Attorney/Address<br>ANTHONY M PUGLIESE<br>1010 Market St<br>Suite 1500<br>ST LOUIS, MO  63101 | |
| vs. | | |
| Defendant/Respondent:<br>WAL MART STORES EAST LP<br><br>Nature of Suit:<br>CC Pers Injury-Other | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105<br><br>(Date File Stamp) | |

## Summons in Civil Case

The State of Missouri to:  WAL MART STORES EAST LP
                Alias:

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

*COURT SEAL OF*



*ST. LOUIS COUNTY*

       **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**
       **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

**07-DEC-2020**
**Date**                                    _____
                                         Clerk
**Further Information:**
**LES**

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
   Printed Name of Sheriff or Server                             Signature of Sheriff or Server
             **Must be sworn before a notary public if not served by an authorized officer:**
             Subscribed and sworn to before me on _____ (date).
*(Seal)*
             My commission expires: _____      _____
                               Date                                   Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ | (_____ miles @ $._____ per mile) |
| **Total** | $ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: **Document ID# 20-SMCC-10888**     2     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



x